# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| JAMES D. HINSON ELECTRICAL CONTRACTING CO., INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action File No. 3:13-CV-29-J-32JRK |
| v. | ) ) | |
| AT&T SERVICES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## SETTLEMENT AGREEMENT

Subject to approval of the United States District Court for the Middle District of Florida, Plaintiffs James D. Hinson Electrical Contracting Co., Blythe Development Company, and Callaway Grading, Inc., individually and as representatives of a class, Plaintiff National Utility Contractors Association, on behalf of its members, and Defendants AT&T Services, Inc. and BellSouth Telecommunications, LLC f/k/a BellSouth Telecommunications, Inc. ("BellSouth"), by their duly authorized counsel, hereby settle the above-captioned action on the following terms and conditions:

## I. BACKGROUND

1.      Plaintiffs brought this Action asserting that Defendants have had and continue to have a practice of overcharging those who damage Defendants' facilities by improperly adding charges for the costs of claims processing, loss of use, and certain unnecessary equipment.

2.      The Complaint asserts claims for monetary and equitable relief on behalf of a class of damagers in 42 states, a subclass of damagers in the states in which BellSouth does

business, and state specific subclasses in Florida, North Carolina and Georgia. In addition, the Complaint asserts claims by the National Utility Contractors Association, which seeks equitable relief on behalf of its members. Plaintiffs have since refined their claims and redefined the classes they propose to represent in connection with briefing on their motion for class certification.

3.      Class Counsel have reviewed thousands of documents produced by Defendants, deposed Defendants' 30(b)(6) representatives, and conducted an examination into and an evaluation of the law and the facts relating to the allegations of the Complaint, both in this Action and as class counsel in a predecessor action, styled *James D. Hinson Electrical Contracting Co. et al. v. BellSouth Telecommunications, Inc.,* Civil Action No. 3:07-CV-598-TJC-MCR, United States District Court for the Middle District of Florida.

4.      Based upon the discovery that has been conducted, their evaluation of the facts and law, and all other relevant factors, Class Counsel, the Class Representatives, and the National Utility Contractors Association have concluded that settlement is in the best interests of Plaintiffs and the Class and that this Agreement confers a substantial benefit upon Plaintiffs and the Settlement Class.

5.      Plaintiffs have agreed to settle the Action pursuant to the provisions of this Agreement after considering: (a) the benefits to be received; (b) the attendant risks and delays of litigation, especially in complex actions such as this one; and (c) the desirability of permitting this Agreement to be promptly consummated according to its terms.

6.      Defendants deny all allegations of wrongful conduct asserted in the Complaint, deny any liability in the Action, and deny that either Plaintiffs or any Settlement Class Member is entitled to relief. Nevertheless, Defendants recognize the uncertainties inherent in continued

litigation and consider it desirable the Action be settled and dismissed because the Agreement will: (a) allow Defendants to avoid the further expense and disruption of the management and operation of its businesses due to the pendency and defense of the Action; and (b) put Plaintiffs' claims and the underlying matters to rest after several years of contested litigation, thereby avoiding the uncertainties associated with continued litigation.

## II.  **DEFINITIONS**

As used in this Agreement and the attached exhibits, the terms set forth below shall have the meaning indicated:

1.  "Action" means the above-captioned action, styled *James D. Hinson Electrical Contracting Co. et al. v. AT&T Services, Inc., et al.,* Civil Action No. 3:13-CV-29-J-32JRK, United States District Court for the Middle District of Florida.

2.  "Agreement," "Settlement Agreement," and the "Settlement" mean this Settlement Agreement, including all exhibits.

3.  "AT&T" means collectively AT&T Services, Inc., BellSouth, and their parents, subsidiaries, and affiliates.

4.  "AT&T Services" means Defendant AT&T Services, Inc. and its parents, subsidiaries, and affiliates.

5.  "BellSouth" means BellSouth Telecommunications, LLC f/k/a BellSouth Telecommunications, Inc. and its parents, subsidiaries, and affiliates.

6.  "AT&T's Counsel" means James F. Bogan III, Cindy D. Hanson, and John P. Jett of Kilpatrick Townsend & Stockton LLP and Albert Frevola of Conrad & Scherer LLP.

7.  "Base Claim Value" means a value used in the calculation of each Class Member's Settlement Payment, as described in more detail below, that reflects certain

3

percentages of the Risk Management Overhead and Loss of Use charges paid by Class Members during the Class Period.

8.     "CAMS Database" or "CAMS Data" means broadly the data from AT&T's claims databases, including but not limited to the CAMS Database, produced by AT&T to Plaintiffs in this litigation as well as such additional data to be produced by AT&T in connection with this settlement so that Plaintiffs have been provided with claims data for the entire Class Period.

9.     "Claims Deadline" means the date by which Class Members must submit a Claim Form for benefits under this Agreement, which shall be at least 90 days after the mailing of the Notice.

10.     "Claim Form" means the document to be returned by members of the Class in order to receive monetary benefits under the settlement.  A copy of the Claim Form is attached as Exhibit A.

11.     "Claims Administrator" means the entity agreed to by the Parties and approved by the Court, which will be hired to issue Class Notice, receive Exclusion Requests from Class Members, establish a website and toll free number to which Class Members can review information and direct questions, receive Claim Forms, issue Settlement Payments, and perform other tasks contemplated by this Agreement.

12.     "Class" or "Settlement Class" means the class as described in Section III of this Settlement Agreement.

13.     "Class Counsel" means the following counsel: Kenneth S. Canfield of Doffermyre, Shields, Canfield, & Knowles LLC; David S. Hagy of the Law Office of David S. Hagy, PLC; Lanny Russell of Smith Hulsey & Busey; James Roberts of Lewis & Roberts,

4

PLLC; Charles W. Surasky of Smith Currie & Hancock, LLC; and John S. Kalil of the Law Office of John S. Kalil, P.A.

14.     "Class Members" mean all persons who are included in the Class as described in Section III of this Settlement Agreement.

15.     "Class Notice" or "Notice" means the notice to be provided to Class Members, which will be in the form attached hereto as Exhibit B or as otherwise directed by the Court.

16.     "Class Representatives" means James D. Hinson Electrical Contracting Co., Inc., Blythe Development Company, and Callaway Grading, Inc.

17.     "Class Period" means the period of time from July 1, 2008 through May 1, 2016.

18.     "Complaint" means the Complaint, dated January 10, 2013, that was filed in this Action, as subsequently amended.

19.     "Court" means the United States District Court for the Middle District of Florida in which the Action is pending.

20.     "Damage Claim" means the communication sent by AT&T Services to each Class Member seeking reimbursement for the cost of repairing damage to an AT&T facility.

21.     "Defendants" means AT&T Services and BellSouth collectively.

22.     "Effective Date" means the date on which the Final Order and Judgment becomes Final.

23.     "Exclusion Request" means the written request that Class Members are required to timely submit in order to opt out of the class and this Settlement Agreement.

24.     "Final Fairness Hearing" or "Fairness Hearing" means the settlement approval hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of

this Agreement in accordance with the Federal Rules of Civil Procedure.

25. "Final" means, the termination of the Action after each of the following events: (i) the Settlement Agreement is approved in all respects by the Court (ii) the Final Order and Judgment is entered, (iii) the Action is dismissed with prejudice and (iv) the time for the filing of any appeals has expired or, if there are appeals, approval of the Settlement and Final Order and Judgment has been affirmed in all respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review or the appeals have been dismissed. For purposes of this Agreement, the term "appeal" includes writ proceedings. If, at the time of entry of the Final Order and Judgment, there are no objections to the Settlement Agreement or all objections have otherwise been resolved at that time, then the Final Order and Judgment shall be Final on the date it is entered.

26. "Final Order and Judgment" means the order to be entered by the Court approving this Agreement and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement. The Parties will mutually submit a proposed order before the Fairness Hearing.

27. "Loss of Use" means the charge of that name included on AT&T's Damage Claims, as described in depositions of AT&T personnel and in answers to interrogatories in this litigation. Loss of Use has been alternatively described on AT&T's Damage Claims as "loss of service."

28. "Notice of Intention to Appear" means a notice containing the information required by this Agreement to be filed by or on behalf of any objector who intends to appear at the Fairness Hearing.

29. "NUCA" means the National Utility Contractors Association.

6

30.     "Parties" means the Class Representatives, Class Members who have not timely submitted an Exclusion Request, NUCA, AT&T Services and BellSouth.

31.     "Person" means any individual or legal entity or their successors or assigns.

32.     "Plaintiffs" means the Class Representatives and NUCA.

33.     "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the settlement, approving the notice plan, and setting a date for the Fairness Hearing, which shall be substantially in the form attached hereto as Exhibit C or as the Court may otherwise direct.

34.     "Release" means the release of claims described in Section IV(4) of this Agreement.

35.     "Released Claims" means those claims referred to in Section IV(4), including subparts, of this Agreement.

36.     "Released Parties" means AT&T, AT&T Services, BellSouth; their successors, parents, subsidiaries, divisions, departments, or affiliates; any of their past, present, and future insurers, officers, directors, stockholders, administrators, attorneys, agents, servants, representatives, employees, fiduciaries, subsidiaries, affiliates, divisions, predecessors, successors-in-interest, assigns, and reinsurers; and all other persons, firms, or corporations with whom any of the former have been, are now, or may hereafter be affiliated.

37.     "Releasing Parties" means the Class Representatives, Class Members, NUCA, their successors, parents, subsidiaries, divisions, departments, or affiliates, on behalf of themselves, and any Person claiming by or through them as their heirs, administrators, devisees, predecessors, successors, representatives of any kind, shareholders, partners, employees, directors, owners or co-tenants of any kind, affiliates, subrogees, assignees, or insurers.

38.     "Risk Management Overhead" means the amount included in the labor charge on AT&T's Damage Claims designed to recover a certain portion of the cost of operating the claims operation of AT&T Services, all as further described in depositions of AT&T personnel and in answers to interrogatories in this litigation; the Risk Management Overhead charge is also referred to as AT&T's "claims processing" charge ("Risk Management Overhead," however, does not refer to the inclusion of the cost of AT&T's risk management function within the accounting and finance component of AT&T's general corporate overhead, as authorized in Section 3.1 below).

39.     "Settlement Adjustment" means the adjustment made to the Base Claim Value to determine the amount of each Class Member's Settlement Payment, as described in more detail below.

40.     "Settlement Payment" means the cash payments which a particular Class Member is eligible to receive under the terms of this Agreement. "Settlement Payments" is the aggregate of each individual Settlement Payment.

41.     The terms "he" or "she" and "his" or "her" include "it" or "its," where applicable, and vice versa.

### III. THE SETTLEMENT CLASS

### 1. Definition of the Settlement Class

The Settlement Class is defined as follows:  "All those who paid a bill or claim for damage from AT&T for the costs of repairing facility damage containing a labor charge or a charge for loss of use during the period from July 1, 2008 through May 1, 2016."  Excepted from the Settlement Class are the following: (1) AT&T's officers, directors and employees; (2) any damagers who furnished AT&T with a written release of their claims; (3) locate companies

and other damagers that have contracts with AT&T governing the treatment of recovery for damages to AT&T facilities; (4) all persons who opt-out; and (5) all judicial officers of the United States and their families.

### 2.   Final Class List to Be Filed with the Court

A list of the names of all Class Members who meet the above definition will be generated and agreed upon by the Parties. The list shall be filed with the Court before the Final Fairness Hearing, and shall be binding and controlling for all purposes relating to this Settlement Agreement unless a Class Member who seeks benefits under the Settlement can demonstrate to the satisfaction of the Parties or the Court that such member meets all of the conditions for class membership and was improperly omitted from the final class list, provided that such Class Member makes such a showing in advance of the Claims Deadline.

### 3.   Limitation on Use of Class Certification

The consent to certification of a settlement class in this Action shall not constitute, and shall not be construed as, an admission on the part of AT&T that this Action, or any other proposed or certified class action, is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23, or any similar statute or rule. The Settlement Agreement is without prejudice to the rights of AT&T to (a) oppose the continued certification of a class or oppose any other claim in this Action should the Settlement Agreement not be approved, not become Final or not be implemented for any reason; (b) oppose certification in any other proposed or certified class action; or (c) oppose the use of the certification of the Class in any other action seeking class certification. Similarly, the Settlement Agreement is without prejudice to the rights of Plaintiffs to obtain class action treatment of any claim in this Action or any other action should the Settlement Agreement not be approved, not become Final or not be implemented for any

reason.

## IV.  THE SETTLEMENT

### 1.    Full and Final Disposition

The obligations incurred pursuant to this Agreement shall be in full and final disposition of all the Released Claims against the Released Parties by the Class Representatives, by NUCA, and by Class Members.

### 2.    Payments to Class Members

**2.1.    Settlement Payments:**  Each Class Member who files a valid claim shall receive a payment that shall be calculated as follows:

**2.1.1.**  For each Class Member, a Base Claim Value shall first be calculated.  The Base Claim Value is equal to the total of the following amounts paid to AT&T, whether in full or in part, by that Class Member during the Claims Period, as actually calculated and accounted for by AT&T, and as reflected in the CAMS database:  (i) ninety percent (90%) of the Risk Management Overhead charges; (ii) seventy five percent (75%) of the Loss of Use charges relating to damage incidents in the states of Arkansas, Florida, Georgia, Ohio and Texas; and (iii) forty percent (40%) of the Loss of Use charges relating to damage incidents in states other than Arkansas, Florida, Georgia, Ohio and Texas.  For example, a Class Member who paid $100 in Risk Management Overhead and $50 in Loss of Use relating to a damage incident in Alabama would be assigned a Base Claim Value of $110.  Similarly, if the same damage incident occurred in Georgia, the Base Claim Value for the Class Member would be $127.50.

**2.1.2.**  After computing a Base Claim Value for all Class Members, Settlement Payments will be determined by applying a Settlement Adjustment to each Base Claim Value such that the total amount of all Settlement Payments, if they were to be claimed,

would equal the amount available for Settlement Payments to Class Members after deducting from the sum of $15 Million the fees and expenses awarded by the Court to Class Counsel, the cost of notice and fees of the Claims Administrator, and incentive awards to the Class Representatives. Stated another way, the aggregate payout on all valid submitted claims shall be their percentage of the value of all potential claims, multiplied by the amount available to pay such claims after payment of the fees and expenses awarded by the Court to Class Counsel, the cost of notice and fees of the Claims Administrator, and incentive awards to the Class Representatives.

    **2.1.3.**  Unless otherwise agreed and approved by the Court, AT&T will provide to Class Counsel and the Claims Administrator on or before August 10, 2016 a list of estimated Settlement Payments as calculated above for each Class Member. Each Class Member's estimated Settlement Payment will be stated on the Claim Form sent to the Class Member along with the Notice. Because the final amounts for Class Counsel's fees and expenses, incentive awards, and the costs of administration and notice will not be known when Notice is issued to Class Members, the Parties agree that the estimated Settlement Payments shall be calculated by deducting from the $15 Million ceiling on payments of $4.5 Million for attorneys' fees, $140,000 for expenses of litigation, $45,000 for incentive awards, and $200,000 for costs of notice and administration. The actual Settlement Payments will be calculated after the Court has entered its Final Order and Judgment and the costs of notice and administration are known. Once finalized, the Settlement Payments shall be binding and controlling for all purposes relating to this Settlement Agreement unless Class Counsel, or a Class Member who seeks benefits under the settlement, can demonstrate to the satisfaction of the Parties or the Court that a Class Member is entitled to a different amount.

**2.1.4.** AT&T will attempt to aggregate all Damage Claims for each Class Member such that a single Settlement Payment can be calculated and provided for each Class Member by aggregating Damage Claims where the appropriate CAMS Database "bill_disposition" fields show identical or nearly identical payor and addressee information across multiple claims. AT&T will send a Claim Form to the payor shown in the "bill_disposition" field of the CAMS Database.

**2.2** **Submission of Claims:** To obtain a Settlement Payment, Class Members must submit a valid Claim Form to the Claims Administrator on or before the Claims Deadline. Claim Forms that are postmarked on or before the Claims Deadline will be timely. To be valid, a Claim Form must contain the Class Member's name and address and a signature (which is not required to be under oath) attesting that the claim is being submitted by the Class Member whose name and address is depicted. A Class Member need not return the actual Claim Form furnished by the Claims Administrator to have a valid claim so long as all of the required information specified in this paragraph is submitted in writing and the writing is submitted on or before the Claims Deadline. Class Members shall not be permitted to submit Claim Forms via email or on the settlement website. A Class Member entitled to more than one Settlement Payment need only submit one Claim Form to receive all the Settlement Payments to which that Class Member is entitled under the Settlement, but Class Members will be encouraged to return all Claim Forms sent to them, and it will be the responsibility of the Class Member to demonstrate that AT&T failed to properly aggregate all of the Class Member's Damage Claims as per paragraph 2.1.4 above.

**2.3** **$15.0 Million Ceiling on All Payments:** In no event shall AT&T pay more than a total of $15.0 million (Fifteen Million Dollars) in Settlement of this Action,

including for Settlement Payments to Class Members, fees and expenses awarded by the Court to Class Counsel, the cost of notice, fees of the Claims Administrator and any other costs of administration, and incentive awards to the Class Representatives. In the event that these amounts would otherwise exceed $15.0 million, AT&T shall first pay in full the fees and expenses awarded by the Court to Class Counsel, notice costs, fees of the Claims Administrator, and incentive awards to the Class Representatives. Then, the Settlement Payments to Class Members shall be reduced and paid on a pro rata basis so that the sum total of all payments made by AT&T under this Agreement does not exceed $15.0 million.

     **2.4.** **No Settlement Fund Will Be Created**: No obligation to pay any money is undertaken by AT&T to any Class Members unless and until a Claim Form is timely submitted by a Class Member and the Effective Date occurs. Any monies that are not claimed by Class Members shall belong to AT&T and remain the property of AT&T.

     **2.5.** **Failure to Submit Timely Claims**: Any Class Member who fails to submit a valid claim by the Claims Deadline shall have no right to monetary relief under this Agreement. A Class Member's failure to submit a valid and timely Claim Form shall not impair the Release given by such Class Member.

     **2.6.** **Payment of Settlement Payments to Class Members**: Within 14 days of the Claims Deadline, the Claims Administrator will provide the Parties with a final list of all Class Members who filed a valid and timely claim and the estimated Settlement Payment to which each such Class Member is entitled. After entry of the Final Order and Judgment, the Parties will confer and determine the actual Settlement Payment due each Class Member, taking into account the amounts awarded by the Court for attorneys' fees, expenses, incentive awards, and the actual costs of notice and administration as described above, and provide a schedule of

these amounts to the Claims Administrator within 21 days after the Claims Deadline. At that time, or ten days after the Effective Date, whichever is later, AT&T will pay into an account designated by the Claims Administrator all monies due Class Members as reflected on the schedule. The Claims Administrator, in turn, will send checks to Class Members monies from AT&T, within 21 days of receipt of the funds from AT&T. The checks will expire 120 days from the date on which they are issued, but will be reissued upon request of the Class Member to whom the check was originally issued or that Class Member's successor or other lawful representative.

2.7.    In consultation with and approval of the Parties, the Settlement Administrator shall be authorized to take appropriate steps to ensure compliance with all tax laws and regulations, including, among other things, (1) sending a letter and IRS Form W-9 to those Class Members who timely file claims and who (a) are scheduled to receive a settlement payment in the amount of $600 or more and (b) are not known to be exempt from IRS tax withholding requirements; (2) sending Class Members an IRS Form 1099; and (3) withholding for remittance to the IRS in accordance with applicable law in the event such a Class Member does not return a W-9 and the Settlement Administrator cannot otherwise determine that the Class Member is exempt from tax withholding requirements. The Parties and the Settlement Administrator shall likewise be authorized to take appropriate steps to ensure compliance with all tax laws and regulations with respect to any other payments authorized under this Agreement, including, for example, arranging for the execution and delivery of IRS Forms W-9 and 1099 with respect to the Class Representatives and Class Counsel.

3.    **Non-Monetary Relief**

3.1.    **No Future Charges for Risk Management Overhead:**  Beginning on

14

July 1, 2016 and for a period of at least five years thereafter, AT&T will not include in any Damage Claim any charges for Risk Management Overhead or claims processing.   This ban on charges for Risk Management Overhead will be nationwide in scope.   This ban, however, shall not preclude AT&T from including the cost of its risk management function within the accounting and finance component of its general corporate overhead.

   **3.2**   **No Future Charges for Loss of Use in Certain States:**  Beginning on July 1, 2016 and for a period of at least five years thereafter, AT&T will not include a charge for Loss of Use in any Damage Claims relating to damage incidents in Arkansas, Florida, Georgia, Ohio and Texas.

   **3.3**   **Elimination of "Hook Up" Fees in Loss of Use Calculations:**  Beginning on July 1, 2016 and for a period of at least five years thereafter, AT&T will modify its methodology for calculating Loss of Use in those states in which AT&T collects Loss of Use charge by eliminating any charge for a "hook up fee" or "service order charge."

   **3.4.**   **Other Changes to AT&T's Damage Claim Methodology:**  The parties recognize that during the class period, AT&T has changed the manner in which it calculates the charges at issue in this case.   With the exception of Sections 3.1 through 3.3 above regarding Risk Management Overhead, Loss of Use and Hook Up Fees, nothing in this Agreement is intended to restrict AT&T's ability to change the manner in which it calculates the costs shown on its Damage Claims in the future, provided that AT&T shall not change its methodology in a way that is designed to recapture, intended to recapture, or has the effect of recapturing the charges which AT&T has agreed in this Agreement not to assess, except that AT&T may include Risk Management Overhead within its general corporate overhead, as described in Section 3.1. The parties expressly recognize that in the future, AT&T, in its sole discretion may otherwise

change the manner in which it calculates the charges on its Damage Claims and that such charges may increase, decrease or stay the same.

4. **Releases**

4.1. In consideration of the amounts to be paid by AT&T and the other terms of this Agreement, and upon the date that the Claims Administrator mails Settlement Payments to Class Members, the Releasing Parties shall be deemed to and do hereby release and forever discharge the Released Parties of and from any and all claims, demands, obligations, actions, causes of action, rights, damages, losses, liabilities, debts, costs, penalties, and attorneys' fees, which the Releasing Parties have, had, or may have relating to the claims that were or could have been asserted in the Action, subject to the limitations and exceptions set forth in Sections 4.4 through 4.6 below.

4.2. The Releasing Parties expressly understand, acknowledge, and agree that: (a) the Released Claims as described in the preceding subparagraph are intended to and do include claims that are known, unknown, suspected, or unsuspected and (b) that they may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to the Released Claims and agree that, in such event, this Settlement Agreement shall nevertheless be and remain effective in all respects, notwithstanding the discovery of different or additional facts now known to them.

4.3. The Releasing Parties, and each of them, agree and covenant not to sue or prosecute, or institute or cooperate in the institution, commencement, filing, or prosecution of any suit or proceedings, in any forum against the Released Parties based upon or related to any Released Claims against any Released Party.

4.4 Nothing in this Agreement shall be construed as an admission that any

16

Class Member damaged a facility belonging to AT&T or that any Class Member is liable to AT&T for the costs of repairing any alleged damage.

**4.5.** Nothing in this Agreement shall extinguish or release any claim arising out of non-compliance with the terms of this Agreement.

**4.6.** Nothing in this Agreement shall be construed to diminish or affect the rights of those who are not members of the Class or the rights of Class Members which are not being released under this Agreement, including without limitation the rights of those who paid AT&T for the costs of repairing damage to any equipment other than its facilities; the rights of those who wish to challenge a Damage Claim that was sent prior to May 1, 2016 but that was not paid in whole or in part on or before May 1, 2016; and the rights to those who wish to challenge a Damage Claim sent at any time after May 1, 2016.

**5.    Attorney's Fees, Expenses and Other Costs**

**5.1.** Subject to Court approval, AT&T will pay attorney's fees to Class Counsel in the amount of $4,500,000 ($4.5 million).   AT&T also will pay the expenses incurred by Class Counsel in connection with their handling of this action provided that Class Counsel will not seek reimbursement for such expenses in an amount exceeding $140,000.  AT&T will make the payments in this Section 5.1 to Doffermyre Shields Canfield & Knowles, LLC by wire transfer within ten business days after the Effective Date.

**5.2.** Before Final Approval, Class Counsel will file an application with the Court seeking approval of the amounts provided in the preceding paragraph for attorney's fees and expenses.  AT&T will not object or engender objection to the Court's approval of these amounts or comment in any negative manner upon Class Counsel's entitlement to an award of fees and expenses.  AT&T shall have no obligation to pay any sums to Class Counsel for fees in

excess of $4.5 million or expenses in excess of $140,000.

  **5.3.** AT&T will pay all reasonable costs of notice and administration in connection with the settlement of this Action, including but not limited to the fees and expenses of the Class Administrator. AT&T is authorized to make direct payments to the Class Administrator; in such case, AT&T will provide appropriate notice to Class Counsel of the amount of such payments so that they may be deducted from the $15 million ceiling.

  **5.4.** Neither the Court's award of fees and expenses, the incentive awards in Section 5.5 below nor its obligation to pay the costs of notice and administration shall require AT&T to pay more than $15.0 million under this Agreement as specified above.

  **5.5.** Subject to the Court's approval, within ten days of the Effective Date, AT&T will pay an incentive award in the amount of $15,000 to each of the three Class Representatives. The total of $45,000 shall be wired to Doffermyre Shields Canfield & Knowles, LLC for distribution to the Class Representatives. Upon wiring the funds as specified in this section, AT&T will have no further liability to the Class Representatives for payment of incentive awards.

  **5.6.** Except as otherwise provided, the Parties agree to bear their own costs and expenses incurred in litigating and settling the Action.

  **5.7.** The amount of Class Counsel's attorneys' fees and expenses was not determined by the Parties during the course of their negotiations leading up to this Agreement. The amounts Class Counsel would receive for fees and expenses were specified for the first time in a settlement proposal by the mediator after the parties' settlement discussions had reached an impasse.

6.   **Conditions of Settlement**

   6.1.   This Settlement Agreement is conditioned on all of the following:

   6.1.1.   Preliminary and final approval of the Settlement by the Court and such approval being affirmed on appeal, if any appeal is taken.

   6.1.2.   If the Settlement (including any modifications made with the consent of the Parties as provided for in this Agreement) is approved by the Court following a hearing, the Parties shall request the Court to enter a Final Order and Judgment, which, among other things, shall:  (1) find that the notice to members of the Class was provided in accordance with the Preliminary Approval Order, and that the notice program satisfies all the requirements of Federal Rule of Civil Procedure 23 and due process; (2) approve the Settlement as fair, reasonable, and adequate in accordance with Federal Rule of Civil Procedure 23 and direct consummation of the Settlement in accordance with its terms and provisions; (3) dismiss the Action with prejudice as against Defendants and the Class Representatives and without costs to any party except as provided in this Settlement Agreement; (4) adjudge that the Class Representatives, on behalf of themselves and the members of the Class who do not timely and properly request exclusion, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of actions against AT&T as provided in this Agreement and except as to their rights under this Settlement Agreement; (5) reserve jurisdiction over the Parties and Class for the administration, consummation, and enforcement of the terms of the Settlement; (6) bar and permanently enjoin each member of the Class from prosecuting the Claims including unknown claims against AT&T, the Class Representatives, and/or Class Counsel; and, (7) determine that, by reason of the Settlement, there is no just reason for delay and find expressly that the Final Order and Judgment is a final

judgment.

### 7.    Preliminary Approval

7.1      The Parties will use their best efforts to obtain preliminary approval of the Settlement and approval of the notice program and agree to jointly apply to the Court on or before April 29, 2016 for entry of a Preliminary Approval Order that will: (1) preliminarily approve the Settlement; (2) set a date for the Fairness Hearing; (3) approve the Class Notice and proposed notice program; (4) prescribe a period of time during which members of the Class may file requests to be excluded from the Settlement Class; (5) prescribe a period of time during which members of the Class may serve written objections to the Settlement, payment of fees and expenses to Class Counsel, and payment of incentive awards to the Class Representatives; (6) prescribe the deadline by which Class Members must file claims for Settlement Payments; (7) provide that, pending final determination of whether the Settlement should be approved, neither the Class Representatives nor any member of the Class either directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any of the Released Claims against AT&T and any other of the Released Parties; (8) provide that an objection to (i) the Settlement; (ii) entry of a judgment approving of the Settlement; and/or (iii) an award of attorney's fees and expenses and payment of incentive awards shall be heard by the Court at the Fairness Hearing only if, on or before a date to be specified in the Preliminary Approval Order, the objector files and serves notice of his or her intention to appear and provides the other information and documentation set forth in this Agreement; and (9) upon the Effective Date, any member of the Class who does not properly and timely request exclusion shall be bound by any and all judgments and settlements entered or approved by the Court, whether favorable or unfavorable to the Class.

## 8.    Notice to the Class and Settlement Administration

**8.1.**    Subject to the approval of the Court and the requirements of the Preliminary Approval Order, the Class Notice will be sent to each reasonably identifiable Class Member by first-class mail, postage prepaid, at the Class Member's last known address or such other address obtained from the change of address database kept by United States Postal Service or a similar database.   Class Notice will be sent on or before August 31, 2016 and Class Members will have a period of time of at least 90 days in which to file claims.

**8.2.**    The Class Notice will, among other things, generally inform Class members of the Action, the Settlement Agreement, and the right of each Class Member to seek to be excluded from the Class, or to remain in the Class and object to the Settlement Agreement. The Class Notice shall also state in conspicuous language that the Parties' best estimate of the amount the Class Member is eligible to receive shall be set forth on the accompanying Claim Form specific for that Class Member, and the Class Notice shall describe the manner in which that amount was calculated.   The Class Notice shall further instruct Class Members that they may call the toll free number maintained by the Claims Administrator for more information regarding the Settlement Payment amount.

**8.3.**    Each Class Notice shall be accompanied by a Claim Form specific for that Class Member.   The Claim Form shall include the following: the Class Member's name, a change of address box, and a place for the Class Member to attest that the claim is being submitted by the person or entity whose name and address is depicted.   The Claim Form specific for each Class Member shall also set forth the Parties' best estimate of the amount the Class Member is to receive should the Claim Form be timely submitted.

**8.4.**    The Claims Administrator will conduct an electronic database search on

each Class Member whose original Class Notice is returned as undeliverable. The database search will be conducted using the full name and last known address which is to be provided by AT&T. If a new or different address is located for any Class Member through the database search, the Claims Administrator will re-send a Class Notice within ten days.

      8.5.    The Claims Administrator shall maintain a P.O. Box for the return of all Exclusion Requests and Claim Forms. The Claims Administrator shall maintain a list of the Exclusion Requests and Claims Forms that are returned and make the list available to the Parties on at least a weekly basis.

      8.6.    The Claims Administrator will establish a website on which will be placed a copy of the Settlement Agreement, the Notice, the Court's order preliminarily approving the Settlement, the most recent amended complaint, the answer, the Court's orders on AT&T's motion to dismiss and to strike plaintiffs' multistate class action allegations, and the briefing on Plaintiffs' motion for class certification and AT&T's motion for summary judgment. In addition, such other information shall be placed on the website to which the Parties agree or the Court directs.

      8.7.    The Claims Administrator will also establish a toll free number to respond to questions from Class members regarding the settlement. AT&T will provide to the Claims Administrator and Class Counsel a spreadsheet setting forth the names and addresses of the Class Members as well as (1) the amount the Class Member paid on each Damage Claim for Risk Management Overhead; (2) the amount the Class Member paid for Loss of Use on each Damage Claim relating to damage incidents in Arkansas, Florida, Georgia, Ohio and Texas; (3) the amount the Class Member paid for Loss of Use on each Damage Claim relating to damage incidents in other states; and (4) the estimated Settlement Payment which each Class Member is

eligible to receive for the purpose, among other things, of providing information to Class Members regarding Settlement Payment amounts.  The Class Administrator will confer with the Parties to determine how best to answer questions relating to the Settlement, including any questions regarding the Settlement Payment amounts that are available to any Class Member. The Claims Administrator will refer questions of a legal nature to Class Counsel for response.

8.8.    Class Counsel are authorized to communicate directly with Class Members orally or in writing regarding their rights under this Settlement.

8.9.    The Parties agree to engage in such further efforts to notify and otherwise communicate with Class Members as the Court determines are constitutionally or statutorily required.

8.10.    The Claims Administrator will establish a separate account to hold the funds to be provided by AT&T for payment of Settlement Payments to Class Members. The Claims Administrator will maintain the account after mailing of Settlement Payments and shall periodically and, upon reasonable request, report to the Parties regarding the status of the account. Any funds remaining in the account at the time it is closed shall be sent to AT&T.

8.11.    The Claims Administrator will keep appropriate records relating to the notice program and the claims process, including without limitation the names and addresses to whom Class Notice is sent; the names and addresses of Class Notices returned as undeliverable; the number and identity of Class Members filing exclusion requests and claims; the number of visits to the website; the number of calls to the toll free telephone number; the names and addresses of Class Members to whom checks are sent; the names and addresses of the Class Members who fail to negotiate checks; banking records; and such other records necessary to establish that the Settlement has been properly administered.  The Claims Administrator will

provide to the Parties interim reports during the course of notice program and claims process, a final report at the conclusion of the settlement administration, and at other times upon reasonable request of one of the Parties.

### 9.   Exclusion Requests

**9.1.**   If a Class Member chooses to "opt out" of the Class, such Class Member is required to submit an Exclusion Request to the Claims Administrator, post-marked on or before the date specified in the Class Notice, which shall be 30 days from the date of the mailing of the Notice or as the Court otherwise may direct.

**9.2.**   A Class Member who submits an Exclusion Request shall be excluded from the Class for any and all purposes.

**9.3.**   A Class Member who does not file a timely Exclusion Request shall be bound by all subsequent proceedings, orders, and judgments in this Action. Prior to the date of the Final Order and Judgment, the Court, upon application of AT&T's Counsel or Class Counsel, may permit a Class Member who has filed a timely Exclusion Request to withdraw such Exclusion Request and to participate in the Class and the Settlement Agreement as if such Exclusion Request had never been made.

### 10.   Objections

**10.1.**   Any Class Member who has not submitted a timely Exclusion Request and who wishes to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement Agreement, including without limitation the compensation to be paid to Class Counsel, must deliver an objection, in writing, to Class Counsel and AT&T's Counsel and file the objection with the Court no later than thirty days after the mailing of the Notice or as the Court may otherwise direct.

10.2    Written objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

10.3    If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Class Members represented by objector's counsel; (2) the number of such represented Class Members who have opted out of the Class; and (3) the number of such represented Class Members who have remained in the Class and have not objected.  If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and AT&T's Counsel not later than fifteen days before the Fairness Hearing or as the Court may otherwise direct a document containing the following: (1) a description of the attorney's legal background and prior experience in connection with class action litigation, including the previous cases in which the attorney has represented an objector to a class action settlement; (2) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (3) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (4) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (5) the attorney's hourly rate.

10.4    Objectors must also make themselves available for deposition by counsel for the Parties between the time the objection is filed and a date no later than five days before the Fairness Hearing, and the objection must include the dates when the objector is available for

deposition.

**10.5** Any Class Member who files and serves a written objection satisfying the requirements of this section, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement. Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing must deliver to Class Counsel and AT&T's Counsel and have file-marked by the Court, no later than thirty days before the Fairness Hearing or as the Court otherwise may direct, a Notice of Intention to Appear. The Notice of Intention to Appear must: (1) state how much time the Class Member anticipates needing to present the objection; (2) identify, by name, address, and telephone number all witnesses the Class Member proposes to have testify; (3) summarize in detail the anticipated testimony of all such witnesses; (4) identify all exhibits the Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

## 11.   Final Judgment

**11.1** Prior to the Fairness Hearing, the Parties shall submit for entry by the Court a proposed Final Order and Judgment. The proposed Final Order and Judgment, among other things, shall approve the settlement as fair, reasonable and adequate; direct consummation of the settlement in accordance with the terms of this Agreement; dismiss the Complaint with prejudice as to the members of the Class; dismiss, with prejudice, AT&T's counterclaims against the Class Representatives; approve an award of attorneys' fees and expenses and payment of incentive awards to the Class Representatives; permanently bar the Class Representatives, every Class Member, and every Releasing Party from asserting any of the Released Claims; and reserve jurisdiction, without affecting the finality of the Final Order and Judgment, over all

matters relating to the administration, consummation, enforcement, and interpretation of the settlement.

## 12.   Settlement Purposes Only

12.1   This Agreement is for settlement purposes only and shall not be used for any purpose other than to obtain the Preliminary Approval Order and Final Order and otherwise to enforce the terms of this Agreement. Neither the fact of, nor any provision contained in, this Agreement or its attachments, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as: (1) an admission of the validity of any claim or any fact alleged by the Plaintiffs in this Action or in any other pending or subsequently filed action; (2) any wrongdoing, fault, violation of law, or liability of any kind on the part of AT&T; (3) admission by AT&T of any claim or allegation made in this Action or in any action; or (4) an admission by the Class Representatives, members of the Class, NUCA, or Class Counsel of the validity of any fact, defense or counterclaim asserted by AT&T.

## 13.   Exclusive Remedy; Dismissal of Action; Jurisdiction of Court

13.1   This Agreement shall be the sole and exclusive remedy for any and all Released Claims of Class Members against AT&T and each Class Member shall be barred from initiating, asserting, or prosecuting any Released Claims against AT&T.

13.2   Class Members agree to the dismissal of any action pending against AT&T to the extent any such action seeks recovery for any Released Claims.

13.3   The Court shall retain exclusive and continuing jurisdiction over the Action, all Parties and Class members, to interpret and enforce the terms, conditions, and obligations of this Agreement.

## 14.   Enforcement of Agreement

**14.1.**   For purposes of Settlement only, the Parties agree that this Settlement Agreement, for all purposes, including, but not limited to, its validity, construction, and enforceability, shall be governed by the laws of the State of Florida and, likewise, the rights of the Parties shall be governed by the laws of the State of Florida without regard to conflicts of laws rules.

## 15.   Representations and Warranties

**15.1.**   AT&T represents and warrants that:   (1) it has all requisite corporate power and authority to execute, deliver, and perform this Agreement; (2) the execution, delivery, and performance of this Agreement have been duly authorized by all necessary corporate action on the part of AT&T and its parents and affiliates; (3) this Agreement has been duly and validly executed and delivered by AT&T and constitutes its legal, valid and binding obligation; and (4) AT&T has the financial resources to satisfy its payment obligations under this Agreement.

**15.2.**   Class Counsel represents that (1) they are authorized to enter into this Agreement on behalf of the Plaintiffs and any other attorneys who now represent or have represented the Class Representatives in this Action; and (2) Class Counsel are seeking to protect the interests of all Class Members by entering into this Settlement.

**15.3.**   Each of the Class Representatives: (1) has agreed to serve as a representative of the Class; (2) is willing, able, and ready to perform all of the duties of a representative of the Class; (3) is familiar with the pleadings in this Action; (4) has consulted with Class Counsel about the Action; and (5) will serve as a class representative until the terms of the Settlement Agreement are effectuated or removed by the Court.

## 16.   Termination of Agreement

16.1.    If any of the following grounds for termination arise, then a party may withdraw from this Agreement.

16.2.    The performance of this Agreement is expressly contingent upon entry of the Final Order and Judgment that becomes Final.  If the Court fails to issue the Final Order and Judgment approving this Agreement following conclusion of the Fairness Hearing or that Final Order and Judgment does not become Final, the Agreement will be terminated, having no force or effect whatsoever; null and void, *ab initio;* and inadmissible as evidence for any purpose in any pending or future litigation involving any of the Parties.

16.3.    AT&T may, at its option, withdraw from this Agreement if Class Members consisting of more than 5% of all Class Members and representing more than $500,000 in Settlement Payments in the aggregate submit an Exclusion Request.  AT&T must elect its option within 10 days after the deadline for Exclusion Requests.

16.4.    Any Party may withdraw from the Agreement if the Court does not enter a Preliminary Approval Order granting preliminary approval to this Agreement.  If the Court fails to issue such an order, the Agreement will be terminated, having no force or effect whatsoever, null and void, *ab initio*; and inadmissible as evidence for any purpose in any  pending or future litigation involving any of the Parties.

16.5.    No later than twenty days after receiving notice of the event prompting termination and in no event later than ten days before the date of the Fairness Hearing, either party may unilaterally withdraw from and terminate the Settlement Agreement if any federal or state authority pursuant to 28 U.S.C. §1715 (1) fails to give regulatory approval, if required, to any form of relief under the Settlement Agreement as to which such approval is deemed

29

necessary by the Court; or (2) requires any modification to the Settlement Agreement including, without limitation, any constriction or extension of the scope of the contemplated relief that each of the Parties in their sole discretion deem reasonably material.  If AT&T withdraws from and terminates the Settlement Agreement pursuant to this paragraph, all consideration must be returned to AT&T, with the exception of any funds paid, incurred, or obligated for Class Notice and/or administration of the Settlement Agreement.

   16.6. If an option to withdraw from and terminate the Settlement Agreement arises, neither AT&T nor either of the Class Representatives is required for any reason or under any circumstances to exercise that option.

   16.7. If the Settlement Agreement is terminated for any reason, then:

    16.7.1. It shall be null and void and shall have no force or effect, and no party to this Agreement shall be bound by any of its terms, except for the terms of this paragraph;

    16.7.2. All of its provisions, and all negotiations, statements, and proceedings relating to it shall be without prejudice to the rights of AT&T, the Class Representatives, or any other Class Member, all of whom shall be restored to their respective positions existing immediately before the execution of this Agreement;

    16.7.3. AT&T, its parent, and affiliates, and their current and former directors, officers, agents, employees, attorneys, and representatives expressly and affirmatively reserve and do not waive all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action, including without limitation any applicable statutes of limitations (except that the period between the date of this Agreement and any withdrawal or termination should be excluded from any calculation of a limitations period);

16.7.4. The Class Representatives, NUCA, and any of their current and former successors, agents, or assigns expressly and affirmatively reserve and do not waive any and all motions as to, and arguments in support of, all claims, causes of action, or remedies that have been or might be later asserted in this Action, including without limitation any argument concerning class certification; and,

16.7.5. Neither this Agreement, nor the fact of its having been made, shall be admissible or entered into evidence (or otherwise used in any fashion) for any purpose whatsoever.

17. **Successors and Assigns**

17.1. The provisions of this Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

18. **Adequate Representation**

18.1. It is hereby agreed for settlement purposes only that the Class Representatives are adequate representatives of the Class Members. It is further agreed for settlement purposes only that Class Counsel are adequate representatives of the Class.

19. **Public Statements**

19.1. Plaintiffs, Class Counsel, Defendants, and AT&T's counsel shall not volunteer comments about the Settlement to the media, members of the Bar, or the general public. If any of them are asked about the Settlement, they may describe the nature of the case and the Settlement in a manner consistent with the description agreed to by counsel in the motion for preliminary approval. NUCA, however, may advise its members of the facts of the proposed Settlement and direct them to Class Counsel or the Claims Administrator for further information. Consistent with Section 8.8 above, Class Counsel shall at all times be permitted to discuss the

Settlement with Class Members, to the extent permitted by law. In the event Plaintiffs, Class Counsel, Defendants, or AT&T's counsel are contacted at any time about the Settlement by the media or general public, in no event shall any of them disparage one another, or state, or imply in sum or substance, that the Settlement represents an acknowledgement by any of the Parties of any wrongdoing or liability in this or any other matter.

**20.  Best Efforts**

20.1.  All Parties and counsel shall use their best efforts to: (1) cause the Court to give preliminary approval to this Settlement Agreement as promptly as possible; (2) take all steps contemplated by this Agreement to effectuate the Settlement; and (3) obtain Final approval of the Settlement Agreement. No Class Member, however, shall be precluded from questioning or objecting to the Settlement Agreement at the Fairness Hearing.

**21.  Miscellaneous Provisions**

21.1.  This Settlement Agreement, including all attached exhibits, contains the entire, complete, and integrated statement of each and every term and provision agreed to by the Parties, and is not subject to any unexpressed condition. All other agreements and understandings, whether written or oral, between the Parties, are superseded by this Settlement Agreement; provided that nothing in this Agreement shall supersede any requirements of the settlement in *James D. Hinson Electrical Contracting Co. et al. v. BellSouth Telecommunications, Inc.,* Civil Action No. 3:07-CV-598-TJC-MCR, U.S. District Court for the Middle District of Florida.

21.2.  This Settlement Agreement shall not be modified except by a writing executed by all Parties. All attached exhibits are incorporated by reference as though fully set forth in this Agreement.

21.3.    No party shall be considered the drafter of any provision of this Settlement Agreement for the purpose of any statute, case law, or rule of interpretation that would cause any provision to be construed against the drafter.  This Settlement Agreement was drafted with substantial input by all Parties and their counsel, and no reliance was placed on any representations other than those expressed in the Agreement.

21.4    AT&T will satisfy its obligations under 28 U.S.C. §1715 by sending notice of this Settlement Agreement within 10 days of the filing of this Settlement Agreement with the Court.

21.5.    This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

21.6.    This Agreement shall be binding upon and inure to the benefit of the Class, the Parties, and their representatives, heirs, successors, and assigns.

21.7.    The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

21.8.    Service upon a Party of any notice, application, filing with the Court, or other document by a Class Member objecting to the Settlement Agreement shall be accomplished by hand-delivery or registered or certified mail, postage prepaid, to the attention of counsel for the Parties at the following addresses:

**For AT&T:**
James F. Bogan III, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
404-815-6493

**For the Class:**
Kenneth S. Canfield, Esq.
Doffermyre, Shields, Canfield
  & Knowles LLC
1355 Peachtree Street, Suite 1900
Atlanta, Georgia  30309
404-881-8900

21.9.    In no event shall AT&T, AT&T's Counsel, the Class Representatives, NUCA, or Class Counsel have any liability for claims of wrongful or negligent conduct by the Claims Administrator or its respective agents or employees.

21.10.    This Settlement Agreement shall not expand the rights of any persons or entities who are neither Parties to this Agreement nor Class Members, and no person or entity not either a party to this Settlement Agreement or a member of the Class shall acquire any rights hereunder, whether as a purported third-party beneficiary or otherwise.

21.11.    A Class Member is deemed to have waived all objections and grounds for appeal should a Class Member opt out or fail to object on a timely basis.

[SIGNATURES ON NEXT PAGE]

**On behalf of the Class Representatives, NUCA, and Class Members:**

DOFFERMYRE SHIELDS CANFIELD & KNOWLES, LLC

_____     4/29/16
Kenneth S. Canfield                         Date
1355 Peachtree Street, N.E., Suite 1900
Atlanta, Georgia  30309-3238
(404) 881-8900
*Attorney for Plaintiffs*


**On behalf of AT&T:**

KILPATRICK TOWNSEND & STOCKTON, LLP

_____     4/29/16
James F. Bogan III                          Date
1100 Peachtree Street, Suite 2800
Atlanta, GA  30309-4528
404-815-6493
*Attorney for Defendants*

35

# EXHIBIT A

**DO NOT DISCARD**
THIS FORM CAN BE REDEEMED FOR CASH

[Class Member's Name
Class Member's Address]

## CLAIM FORM
### AT&T Repair Billing Litigation

As described in the accompanying notice, you are eligible for a cash payment under the settlement of this case. The approximate amount of your payment is $ _____.  The final amount could change depending upon the terms of the Court's Final Judgment and Order and the costs associated with notice and administering the settlement.

To claim your payment, please sign in the space below attesting that you are the class member identified on this form.  Then mail the signed claim form to

AT&T Repair Billing Litigation
P.O. Box _____
City, State  ZIP

Your claim must be post-marked no later than _____ [90 days after the date of notice].  Late claims will be rejected.

_____         _____
Class Member's signature                              Date

**You *may* receive more than one Notice and Claim Form relating to this Settlement.  To ensure that you receive all the payments to which you are entitled, please sign and return each Claim Form that you receive.**

If you have a new address to which your payment should be mailed, please provide the new address here:

If you wish to have the option of receiving future communications by email in addition to or in lieu of by U.S. mail, please provide your email address here:

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| JAMES D. HINSON ELECTRICAL CONTRACTING CO., INC.; BLYTHE DEVELOPMENT COMPANY; CALLAWAY GRADING, INC. and NATIONAL UTILITY CONTRACTORS ASSOCIATION,            Plaintiffs,<br><br>v.<br><br>AT&T SERVICES, INC., and, BELLSOUTH TELECOMMUNICATIONS, INC.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action File No.<br>     3:13-CV-29-J-32JRK |

---

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

A FEDERAL COURT HAS AUTHORIZED THIS NOTICE. YOU ARE A CLASS MEMBER IN A LAWSUIT.

YOU ARE ENTITLED TO MONEY UNDER A SETTLEMENT THAT HAS BEEN PRELIMINARILY APPROVED BY A COURT.

THE TENTATIVE AMOUNT OF YOUR CASH BENEFIT IS SHOWN ON THE CLAIM FORM ENCLOSED WITH THIS NOTICE. THE ACTUAL AMOUNT YOU WILL RECEIVE MAY BE SUBJECT TO CHANGE AS DESCRIBED BELOW.

TO RECEIVE MONEY, YOU MUST FILE A CLAIM BY _____.

If you have paid a claim or bill from AT&T for the cost of repairing damage to a cable or other facility, your rights may be affected by this class action. James D. Hinson Electrical Contracting Co., Blythe Development Company, Callaway Grading, Inc., and the National

Utility Contractors Association have filed a lawsuit alleging AT&T included unlawful charges in its damage claims or repair bills. The lawsuit seeks to recover damages and to prohibit the challenged charges on a going-forward basis. AT&T denies it acted improperly or is liable for any damages.

The parties have agreed to a settlement under which AT&T will pay up to $15 million and change certain practices to resolve all claims. Plaintiffs estimate that the estimated value of the total benefits of the settlement exceeds $38 million. Based upon AT&T's records, you are a member of the class and entitled to participate in the settlement. The estimated cash benefit you are eligible to receive, which depends on the total amount you paid to AT&T during the class period, is shown on the enclosed Claim Form. However, the amount you actually receive could be increased or decreased depending on the Court's Final Order and Judgment and the actual costs of notice and administering the settlement. To claim your benefit, you must sign and return the Claim Form.

The Court has scheduled a hearing to decide whether to approve the settlement. If the settlement is approved, as a member of the class you will be bound by its terms and give up the right to bring your own lawsuit against AT&T unless you elect to opt out, as explained below. Alternatively, you have the right to object to the settlement, but only if you comply with the procedures described in this notice and the Court's orders. More information is available at www.at&trepairclaimlitigation.com.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| Submit a Claim Form | You will receive a cash payment and other benefits. |
| Do Nothing | By doing nothing, you will not get any money from the settlement and will forfeit the right to file your own lawsuit against AT&T. |
| Ask to be Excluded | If you ask to be excluded, you will **not** receive any benefits from the settlement.  But, you may be able to file your own lawsuit against AT&T for the same claims. |
| Object | You can remain in the class, waive your individual rights, and file any objections with the Court.  If your objections are overruled, you will be bound by the settlement. |

## WHAT THIS NOTICE CONTAINS

**Basic Information** ..................................................................... **Page**
    1.    Why did you get this notice?
    2.    What is the nature of this case?
    3.    What is a class action and who is involved?
    4.    Why is this case proceeding as a class action?
    5.    Has the Court decided who is right?

**Who is in the Class?** ...................................................................... **Page**
    6.      How is the class defined?
    7       Are you in the class?

**The Terms of the Settlement** ........................................................ **Page**
    8.      What are the benefits under the settlement?
    9.      How much will you receive under the settlement?
    10.    What do you give up under the settlement?
    11.    What about attorneys' fees, costs, and expenses?
    12.    Will the class representatives receive anything for their service?

**What Happens Next?** ...................................................................... **Page __**
    13.    When will the Court decide whether to approve the settlement?

**Your Legal Rights**
    14.    What are your legal options?
    15.    How do you file a claim?
    16.    What happens if you do nothing?
    17.    How do you opt out and what happens if you do?
    18.    What if you object to the settlement?

**Getting More Information**...............................................................**Page**
    19.    How do you get more information about the case?

## BASIC INFORMATION

| | |
|---|---|
| **1.** | **Why did you get this notice?** |

AT&T's records show that you paid at least one Damage Claim or repair bill for the cost of repairing damage to an AT&T cable or other facility from July 1, 2008 through May 1, 2016. The Court has preliminarily allowed this case to proceed as a class action. As a potential member of the class of those on whose behalf the case is proceeding, you have certain rights. This notice is being sent to inform you of your rights and options.

| | |
|---|---|
| **2.** | **What is the nature of this case?** |

James D. Hinson Electrical Contracting Co., Inc., Blythe Development Company, Callaway Grading, Inc. and the National Utility Contractors Association, who brought this case, claim that AT&T overcharges those who damage its facilities and receive claims for the cost of repairing the damage. In particular, they allege AT&T improperly includes on its damage claims

an undisclosed charge to cover the costs of its risk management department and a charge for "loss of use" (also described as "loss of service"). The lawsuit seeks to recover the amount of the two charges paid by class members and to stop AT&T from continuing to assess these two charges. AT&T denies any wrongdoing and contends the charges are appropriate.

**3.   What is a class action and who is involved?**

        In a class action lawsuit, one or more people called "class representatives" sue on behalf of themselves and others who have allegedly been wronged in a similar manner. Typically, class actions are brought when the amount at stake for any one person is too small to justify an individual lawsuit. The group of people affected by the lawsuit is called the "class" or referred to as the "plaintiffs." The lawsuit is filed against the "defendant." The Court decides the issues for everyone in the class at the same time except for those people who chose to exclude themselves from the case. In this case, the class representatives are James D. Hinson Electrical Contracting Co., Blythe Development Company and Callaway Grading, Inc. The defendants are AT&T Services, Inc., which handles the claims process for all of the entities under the AT&T umbrella, and BellSouth Telecommunications, Inc., one of AT&T's operating entities. The National Utility Contractors Association is not a class representative or seeking damages, but instead, acting on behalf of its members, has asked the Court to declare that the two charges at issue are unlawful and to issue an injunction to stop AT&T from collecting the two charges.

**4.   Why is this case proceeding as a class action?**

        The Court has preliminarily decided the proposed class meets all requirements for the case to proceed as a class action for purposes of this settlement. Specifically, the Court has preliminarily found that:

- There are too many class members for all of them to be individually named as plaintiffs in one case, as it is alleged that roughly 40,000 people or companies paid at least one of AT&T's claims from July 1, 2008 through May 1, 2016.

- There are legal and factual questions common to all class members.

- The class representatives have claims that are typical of other class members and will adequately represent the class.

- The lawyers who represent the class are competent and will fulfill their responsibilities.

- The facts and issues common to all class members predominate over individual issues.

- A class action is the superior method of resolving the claims in this case.

**5. Has the Court decided who is right?**

The Court has not yet decided whether plaintiffs or AT&T is correct.  By issuing this notice, the Court has not expressed an opinion about which side should win or lose.  If the proposed settlement is approved, the Court will not have to decide any further issues and no trial will be conducted.   If the proposed settlement is not approved, the Court will have to make additional legal rulings and conduct a trial.

## WHO IS IN THE CLASS

**6. How is the class defined?**

The class includes all those who paid a damage claim or repair bill from AT&T for the costs of repairing facility damage containing a labor charge or a charge for loss of use during the period from July 1, 2008 through May 1, 2016.  Excluded from the class are AT&T's officers, directors, and employees; any damagers who furnished AT&T with a written release of their claims; locate companies and other damagers that have contracts with AT&T governing the treatment of recovery for damages to AT&T facilities; all persons who opt-out; and all judicial officers of the United States and their families.

**7. Are you in the class?**

You are in the class if you fall within the definition set forth above.

## THE TERMS OF THE SETTLMENT

**8. What are the benefits of the settlement for class members?**

Each class member who does not opt out is eligible to receive a cash payment and AT&T has agreed to certain future practices from which you will benefit if you damage an AT&T facility.  In particular, beginning on July 1, 2016 and continuing for a period of at least five years thereafter, AT&T will not add future charges for claims processing by its risk management department; will stop charging for loss of use in Arkansas, Florida, Georgia, Ohio and Texas; and will change its methodology for calculating loss of use in other states, which will reduce the

amount of loss of use that is charged. Finally, class members will benefit because the fees and expenses of class counsel will be paid by AT&T. The total benefit, including cash benefits to the class and the value of the future changes to AT&T's billing practices, is estimated to exceed $38 million.

**9.   How much will you receive under the settlement?**

If you ask to be excluded or do not file a claim, you will not be entitled to any benefits.

If you file a claim, the estimated cash benefit you are eligible to receive is shown on the claim form enclosed with this notice. If you have paid AT&T for facility damage more than once during the class period, you may have multiple claims and the amount of cash benefit you are eligible to receive will be the total of the amounts shown on **all** claim forms you receive.

Your cash benefit, which was determined using AT&T's records, is calculated as a percentage of your payments for claims processing and loss of use, reduced to reflect the fact that AT&T's cash obligation under the settlement is limited to $15 million. More specifically, your benefit was calculated by first totaling 90 percent of the claims processing charges that you paid; 75 percent of the loss of use charges that you paid for damage that occurred in Arkansas, Florida, Georgia, Ohio, and Texas; and 40 percent of the loss of use charges that you paid for damage that occurred in other states. Then, that total is adjusted on a pro-rata basis so that – assuming all class members file claims – AT&T is not obligated to pay more than $15 million in cash to cover payments to the class, attorneys' fees and expenses, service awards to the class representatives, and the costs of notice and administration. Very roughly, this adjustment will reduce your cash payment to approximately 25 percent of the total of the claims processing and loss of use that you paid. The specific percentage depends on how much loss of use you paid and where the damage occurred.

The **actual amount** you receive may differ from the estimated cash benefit described in this notice and as shown on the enclosed claim form. The actual amount will depend upon how much is available to pay benefits to class members after all of the actual costs of notice and administration are known and the Court has awarded attorneys' fees and expenses to class counsel and service awards to the class representatives. The difference between the estimated and actual amount of your payment is not expected to be significant.

**10.   What do you give up under the settlement?**

As part of the settlement, all claims asserted in the lawsuit will be dismissed and all class members will release AT&T, as well as its employees, subsidiaries, and affiliates, from all legal liability related to the claims processing and loss of use charges included in damage claims or

repair bills that were paid during the class period. Accordingly, if you do not opt out, you will be giving up any claims you may have against AT&T related to these claims.

> **11.** **What about attorneys' fees, costs, and expenses?**

Since the beginning of the case, the lawyers for the class have not received any payment for their services nor have been reimbursed for the out-of-pocket expenses they have incurred. If the Court approves the settlement, counsel for the class will apply for an award of fees in the amount of $4.5 million and ask to be reimbursed for their expenses up to $140,000. The Court will determine if these amounts are reasonable at the hearing scheduled to consider whether to approve the settlement. AT&T has agreed to pay the amounts if approved by the Court.

> **12.** **Will the named plaintiffs receive anything for their service as class representatives?**

Yes. Subject to the approval of the Court, AT&T has agreed to pay each of the three class representatives $15,000 to compensate them for the time and effort they have put into this case. AT&T also has agreed to dismiss with prejudice counterclaims it has asserted against the three class representatives. The counterclaims seek to recover additional amounts from damage incidents for which the class representatives received claims from AT&T and for damage they allegedly caused for which AT&T never sent a repair bill. These benefits would be in addition to what the class representatives will be entitled to receive under the settlement as members of the class.

## WHAT HAPPENS NEXT

> **13.** **When will the Court decide whether to approve the settlement?**

The Court has scheduled a fairness hearing to determine whether to approve the proposed settlement, the proposed award of attorneys' fees and expenses, the proposed payment to the class representatives, and related matters. The fairness hearing will take place before the Court on _____, 2016, at ___ a.m./p.m. in the United States Courthouse, Courtroom 10-D, 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned, continued, or postponed by the Court without further notice.

## YOUR LEGAL OPTIONS

> **14.** **What are your legal options?**

You have four options at this point:  (1) file a claim; (2) do nothing; (3) exclude yourself from the class and the settlement by opting out; or (4) remain in the class and object to the settlement.  These options are explained below.

### 15.   How do you file a claim?

To obtain a settlement payment, you must sign the Claim Form sent to you with this notice and mail the Claim Form, on or before _____, 2016 [90 days from the date of the Notice] to the following address:

> AT&T Damage Claim Litigation
> P.O. Box _____
> City, State  ZIP

CLAIM FORMS NOT POSTMARKED BY THE CLAIMS DEADLINE WILL BE REJECTED.  You may obtain a replacement Claim Form from the Claims Administrator by calling the [toll free number].  Alternatively, instead of using the Claim Form enclosed with this notice, you may mail a letter with your name and address that is signed by you attesting that you are the class member entitled to make a claim.

If you have paid multiple damage claims or repair bills to AT&T during the class period, the parties have attempted to aggregate all settlement payments on a single Claim Form.  But, it is possible that you will receive more than one Claim Form, for instance, if your company name or address has changed or you have paid bills through multiple locations or divisions.  To ensure that you receive ALL settlement payments to which you are entitled, please return ALL Claim Forms that you receive.

### 16.   What happens if you do nothing?

If you do nothing, you will not receive any cash, but you will receive the benefits of the future changes in the manner in which AT&T calculates the costs for damage to its facilities as required under the settlement.  You also will give up your right to bring your own lawsuit against AT&T for the claims being made in this action.

### 17.   How do you opt out and what happens if you do?

If you want to exclude yourself from the class and settlement ("opt out"), you must submit a request in writing.  This request must include your name, address, telephone number,

and a statement that you want to be excluded.  The request must also be signed by you, POSTMARKED NO LATER THAN _____ 2016, [30 days from the date of the Notice] and mailed to:

> AT&T Repair Billing Litigation
> P.O. Box ____
> City, State  ZIP

If you ask to be excluded, you will not receive any further notices and will not receive any cash payments or other benefits from the settlement.  However, you will be free to pursue your own lawsuit against AT&T for the claims that are being asserted in this case.

If you exclude yourself so that you can file your own lawsuit or continue a lawsuit that is already pending, you will have to hire and pay your own lawyer.  You will also have to allege and prove your own claims in a court.  If you want to exclude yourself to pursue your own lawsuit, you should talk to your own lawyer soon because your claims may be subject to a statute of limitations that has already expired or may soon expire.  This means that it may already be, or soon may be, too late to file your own lawsuit to assert the claims that are the subject of this case.

## 18.   What if you object to the settlement?

If you object to any aspect of the proposed settlement, an award of attorneys' fees and expenses, or the payments to the class representatives, you have the right to appear at the fairness hearing and present your objections.  In order to object, you must comply with the following requirements on or before _____, 2016 [30 days from the date of Notice]:

- File with the Court a notice of your intention to appear, together with a statement setting forth your objections to the proposed settlement and the basis for those objections.  You also must file copies of any documents that you intend to rely upon at the fairness hearing to support your objections; and,

- Serve copies of all such materials either by hand-delivery or by overnight delivery upon the following counsel:  Kenneth S. Canfield, Doffermyre Shields Canfield & Knowles, LLC, 1355 Peachtree Street, N.E., Suite 1900, Atlanta, Georgia 30309, and James F. Bogan III, Kilpatrick Townsend & Stockton, LLP, 1100 Peachtree Street, Suite 2800, Atlanta, GA  30309-4528; and,

- Satisfy all other requirements set forth in the Court's order of _____, 2016 preliminarily approving the settlement, which, among other things, provides that objectors give dates when they will be available to be deposed before the fairness hearing, and that lawyers representing any objectors disclose certain information regarding their experience and the amount of any fees to be requested for their work on this matter.

You cannot object if you have opted out.  If you choose to remain in the class and object, you will be bound by the settlement agreement if your objections are not accepted by the Court.

## GETTING MORE INFORMATION

**19.   How do you get more information?**

   If you have questions regarding this notice, the proposed settlement, or the lawsuit generally, you can obtain more information at www.at&trepairclaimlitigation.com where the settlement agreement and other key documents are available.  In addition, you may contact the Claims Administrator by telephone at _____ or by mail at the following address: AT&T Billing Litigation, P.O. Box ____, City, State ZIP

   **PLEASE DO NOT CONTACT THE COURT.**


Date

Clerk
United States District Court for the Middle
District of Florida

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES D. HINSON ELECTRICAL )
CONTRACTING CO., INC.; BLYTHE )
DEVELOPMENT COMPANY; )
CALLAWAY GRADING, INC. and )
NATIONAL UTILITY CONTRACTORS )
ASSOCIATION, )
      )
     Plaintiffs, )    Civil Action File No.
      )    3:13-CV-29-J-32JRK
v. )
      )
AT&T SERVICES, INC., and, )
BELLSOUTH TELECOMMUNICATIONS, )
INC., )
      )
     Defendants. )
      )

**PRELIMINARY APPROVAL ORDER**

This matter is before the Court on the parties' joint motion for preliminary approval of their proposed settlement and approval of the notice plan. The Court has reviewed the parties' motion, brief, and proposed settlement agreement and heard oral argument on the motion. Based upon the parties' submissions and argument, and based upon all of the prior proceedings in this matter, good cause having been show, it is hereby Ordered that:

(1)    The parties' proposed settlement is preliminarily approved subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the settlement is sufficiently within the range of reasonableness to warrant the scheduling of the Fairness Hearing and notice to the class.

## The Settlement Class

(2)     The Court preliminarily determines that the proposed Settlement Class meets all the requirements of Rule 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives and their counsel are adequate; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.  Accordingly, for purposes of the settlement only, a Settlement Class is conditionally certified as follows:   All those from whom AT&T collected a labor charge or charge for loss of use from July 1, 2008 through May 1, 2016 in connection with recovering the cost of repairing damage to its facilities.  Excluded from the settlement class are AT&T's officers, directors, and employees; those who have furnished AT&T with a written release of all of their claims; locate companies and other damagers that have contracts with AT&T governing the treatment of recovery for damages to AT&T facilities; all persons who opt-out; and all judicial officers of the United States and their families.

(3)     The Court appoints James D. Hinson Electrical Contracting Co., Blythe Development Company, and Callaway Grading, Inc. as the class representatives.   Kenneth S. Canfield, David S. Hagy, Lanny Russell, James Roberts, Charles Surasky and John Kalil are appointed as class counsel.

## Fairness Hearing

(4)     A Fairness Hearing shall take place before the Court on _____, 2016, at ____ a.m./p.m. [60-75 days after the Notice] in the United States Courthouse, Courtroom 10-D, 300 North Hogan Street, Jacksonville, Florida 32202 to determine:

2

(a)     Whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate;

(b)     Whether the application for attorneys' fees and costs to be submitted by class counsel in connection with the Fairness Hearing should be approved;

(c)     Whether the application to be submitted in connection with the Fairness Hearing for an award to the Class Representatives to compensate them for their time and effort on behalf of the class should be approved;

(d)     Such other matters as the Court may deem necessary and appropriate.

(5)     The Court may finally approve the proposed Settlement Agreement at or after the Fairness Hearing with any modifications agreed to by the settling parties and without further notice to members of the class.

(6)     Any class member who has not timely and properly opted out of the class and settlement in the manner described below, and any other interested persons, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed settlement; provided, however, that no class member who has elected to opt out from the class shall be entitled to object, and provided further than no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court, unless on or before _____, 2016 [30 days from the date of Notice] such person delivers to Class Counsel and AT&T's Counsel, and have filed with the Court, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Class Member anticipates needing to present the objection; (ii) identify, by name, address, telephone number all witnesses the Class Member proposes to have testify; (iii) summarize in detail the anticipated testimony of

3

all such witnesses; (iv) identify all exhibits the Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

(7)     Any class member who objects to the settlement must comply with the following requirements by _____, 2016 [thirty days from the date of Notice]:

(a)     Objections must made be in writing, filed with the Court, and served upon Class Counsel and AT&T's Counsel. Objections must include: (i) the objector's name, address, and telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; and (iv) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

(b)     If the objection is made through an attorney, the written objection must also include: (i) the identity and number of the Class Members represented by objector's counsel; (ii) the number of such represented Class Members who have opted out of the Class; and (iii) the number of such represented Class Members who have remained in the Class and have not objected. If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve upon Class Counsel and AT&T's Counsel not later than fifteen days before the Fairness Hearing or as the Court may otherwise direct a document containing the following: (i) a description of the attorney's legal background and prior experience in connection with class action litigation, including the previous cases in which the attorney has represented an objector to a class action settlement; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours

4

already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate.

(c)    Any class member who files an objection must agree to make themselves available for deposition by Class Counsel and AT&T's Counsel between the time the objection is filed and a date five days before the Fairness Hearing, and the objection must include the dates when the objecting class member will be available for such deposition.

(8)    Copies of all materials to be served on counsel for the settling parties, including Notices of Intention to Appear, objections, and all supporting materials, shall be sent either by hand or overnight delivery upon the following counsel:

> **Class Counsel**
> Kenneth S. Canfield
> Doffermyre Shields Canfield & Knowles, LLC
> 1355 Peachtree Street, N.E.
> Suite 1900
> Atlanta, Georgia 30309
>
> **Counsel for AT&T**
> James F. Bogan III
> Kilpatrick Townsend & Stockton, LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, GA  30309-4528

All responses by the settling parties to objections shall be served by hand or overnight delivery on the objecting class member or his or her attorney.  Objectors' papers may be supplemented ten days prior to the Fairness Hearing following the filing of any responsive papers by the settling parties and served in the manner and on counsel described above.

(9)    The Court may postpone, continue, or adjourn the Fairness Hearing, in whole or in part, without further notice of any kind other than an announcement of such postponement, continuation, or adjournment in open court at the time of the Fairness Hearing as currently scheduled in this Order.

Form and Timing of Notice

(10) _____ is hereby designated and approved as Claims Administrator in connection with the settlement.

(11) By August 10, 2016, AT&T shall provide to the Claims Administrator and Class Counsel a spreadsheet based on its records and setting forth the names and addresses of the Class Members reflected in its databases' "bill_disposition" fields as well as 1) the amount the Class Member paid, as accounted for by AT&T in its records, on each Damage Claim for claims processing and loss of use, and 2) the estimated Settlement Payment as calculated pursuant to Section IV of the Settlement Agreement.

(12) As soon as practicable after the Claims Administrator has received the information described in Paragraph 11 above, but no later than August 31, 2016, the Claims Administrator shall cause copies of the Notice of Class Action and Proposed Settlement and Claim Form as submitted to the Court, the form of which is hereby approved, to be mailed by first-class mail, postage prepaid, to all members of the class identified in the records maintained by AT&T at their last known address.  The Claims Administrator is authorized to update these addresses with the change of address database maintained by the United States Postal Service or other similar database.  The Claims Administrator is directed to use a database tracing process to identify the current addresses of any notices that are returned by the postal service as undeliverable and send a duplicate notice to the class member within 10 days.

(13) Beginning on the earliest date that notice is provided pursuant to this Order and continuing for a period of 120 days after sending of the Settlement Payments to Class Members unless terminated earlier by order of the Court or by the Court's failure to approve the Settlement, the Claims Administrator shall maintain a public website containing the following

materials: a copy of the Settlement Agreement, the Notice, the Court's order preliminarily approving the settlement, the amended complaint, the answer to the amended complaint, the Court's orders on AT&T's motion to dismiss and motion to strike multistate class action allegations, briefing on the pending class certification and summary judgment motions (but not the exhibits to such briefing), and such other materials to which the parties agree or the Court further directs. For the same period of time, the Claims Administrator will also establish and maintain a toll-free telephone number to respond to questions from class members regarding the settlement. Questions of a legal nature shall be directed to Class Counsel.

(14)    Prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to its compliance with the terms of this Order regarding notice. Class Counsel and AT&T's counsel shall also file statements attesting compliance with these provisions.

(15)    The notice required by this Order is hereby found to be the best means of notice to members of the class that is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the settlement and the Fairness Hearing to all affected persons, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

<u>Ability of Class Members to Opt Out</u>

(16)    All class members who wish to opt out of the class and the settlement must do so by sending written notice of their election to opt out to the Claims Administrator at the address set forth in the notices to be provided pursuant to this Order. To be considered timely, and thereby effectively exclude a person from the class, the envelope delivering a completed opt-out request for such person must be postmarked no later than _____, 2016 [thirty days after the

date of Notice] Prior to the Fairness hearing, the Claims Administrator shall submit to the Court a sworn statement setting forth the names and addresses of each member of the class who has timely elected to opt out.

(17)    Any member of the class who does not properly and timely request exclusion shall be included in the class and, if the settlement is approved and becomes effective, shall be bound by all terms and provisions of the Settlement Agreement, whether or not such person shall have objected to the Settlement and whether or not such person elects to receive any of the benefits of the settlement.

Claims Process

(18)    To obtain a cash benefit under the settlement, a class member must submit a valid Claim Form to the Claims Administrator on or before the Claims Deadline of _____, 2016 [90 days after the date of Notice]. Claim Forms that are postmarked on or before the Claims Deadline will be timely. To be valid, a Claim Form must contain the class member's name and address and a signature (which is not required to be under oath) attesting that the claim is being submitted by the class member whose name and address is depicted. A class member need not return the actual Claim Form furnished by the Claims Administrator to have a valid claim so long as all of the required information set forth in this paragraph is submitted in writing and the writing is postmarked on or before the Claims Deadline.

Other Provisions

(19)    Pending final determination of whether the Settlement should be approved, neither the Class Representatives nor any member of the Settlement Class either directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding

8

in any court or tribunal asserting any of the Released Claims against AT&T or any of the Released Parties as those terms are defined in the Settlement Agreement.

    (20)   The Claims Administrator will keep appropriate records relating to the notice program and the claims process and report the results to the parties as required under the Settlement Agreement.

    Done and Ordered at Jacksonville, Florida this _____ day of _____, _____.

                                                                 _____
TIMOTHY J. CORRIGAN
United States District Judge