**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES D. HINSON ELECTRICAL
CONTRACTING CO., INC., BLYTHE
DEVELOPMENT COMPANY,
CALLAWAY GRADING, INC.,
individually and on behalf of all others
similarly situated, and NATIONAL
UTILITY CONTRACTORS
ASSOCIATION,

    Plaintiffs,

v.                                           Case No. 3:13-cv-29-J-32JRK

AT&T SERVICES, INC. and
BELLSOUTH
TELECOMMUNICATIONS, LLC,

    Defendants.

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the following motions: (1) the parties' joint motion for final approval of their proposed class action settlement, which was preliminarily approved by the Court (Doc. 165); and (2) class counsel's fee application and request for approval of service awards and other consideration to the class representatives (Doc. 164). Having considered the written submissions of the parties and after hearing oral argument at the fairness hearing on December 16, 2016, the Court hereby **GRANTS** the parties' joint motion for final approval of their settlement (Doc. 165) and **GRANTS** class counsel's fee application and request for other consideration (Doc. 164). The grounds supporting these rulings follow.

## CERTIFICATION OF THE SETTLEMENT CLASS

1. The Court hereby certifies the Settlement Class, which is defined as follows: "All those who paid a bill or claim for damage from AT&T for the costs of repairing facility damage containing a labor charge or a charge for loss of use during the period from July 1, 2008 through May 1, 2016." Excepted from the Settlement Class are the following: (1) AT&T's officers, directors and employees; (2) any damagers who furnished AT&T with a written release of their claims; (3) locate companies and other damagers that have contracts with AT&T governing the treatment of recovery for damages to AT&T facilities; (4) all persons who opt-out; and (5) all judicial officers of the United States and their families.

2. The Settlement Class satisfies the four requirements of Rule 23(a), Fed. R. Civ. P. First, the class, which contains tens of thousands of members, is so numerous that joinder of all members is impracticable. Second, there are numerous questions of law and fact common to the class stemming from AT&T's standardized practice of sending claims and calculating its costs of repair using the same methodology for each class member. These common questions include, for example, whether the claims processing and loss of use charges challenged by plaintiffs are legally collectible and whether AT&T is unjustly enriched by retaining the charges. Third, the claims of the class representatives are typical of the claims of the absent class members and all arise from the same billing practices and rely on the same legal theories. And, fourth, the class representatives and class counsel have and will adequately and fairly protect the interests of the class.

3.     The Settlement Class also satisfies the requirements of Rule 23(b)(3), Fed. R. Civ. P.  The questions of law and fact common to all class members predominate over questions affecting only individual members. All class members are similarly situated, having paid readily determined, allegedly improper charges, uniformly collected by AT&T.  Every class member's claim thus can be proved by common evidence involving form bills, automated systems, routinized disclosures, and charges calculated in the same way.  This evidence has a direct impact on establishing AT&T's liability and entitling every class member to relief.  Indeed, to prove a *prima facie* case, Plaintiffs will not need to present any individualized proof. While AT&T has asserted defenses that raise individual issues, these issues do not predominate.  Moreover, a class action is the superior method for fairly and efficiently adjudicating the controversy.  It is not economically efficient or viable for most class members to pursue individual claims against AT&T.  Even if class members pursued their own claims, it would not be efficient to do so in twenty states, burdening the courts and forcing damagers to repeatedly conduct the same discovery, prove the same facts, and make the same arguments.

4.     Kenneth S. Canfield, David S. Hagy, Lanny Russell, Charles Surasky, Jim Roberts, and John S. Kalil will serve as counsel for the Settlement Class.  James D. Hinson Electrical Contracting Company, Blythe Development, Inc., and Callaway Grading, Inc. will serve as the class representatives.

## APPROVAL OF THE NOTICE PROGRAM

5.  The class has been notified of the settlement pursuant to a plan approved by the Court. After having reviewed the Declaration of the Claims Administrator, which was responsible for carrying out the notice program, and the statements by counsel for the parties attesting to the fact that the notice was carried out, the Court hereby finds that the notice was accomplished in accordance with the Court's directive. The Court further finds that the notice program fully satisfies the requirements of due process and Rule 23.

## APPROVAL OF THE SETTLEMENT

6.  The Court finds that the parties' settlement is fair, reasonable, and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense and likely duration of the litigation if the settlement is not approved; the fact that the settlement was reached after the completion of all discovery; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of class counsel and the class representative; the fact that no class member has objected to the settlement; and the fact that only 15 class members have opted out of the settlement, with a total claim value of less than $8,000. Accordingly, the parties' settlement is hereby finally approved, and the parties are directed to consummate the settlement in accordance with its terms and conditions.

7. Pursuant to the terms of the settlement agreement, this action is dismissed with prejudice as against the named plaintiffs, all members of the class, and all defendants. The parties shall bear their own costs except as provided by the settlement agreement. It is further adjudged that the named plaintiffs, on behalf of themselves and members of the class, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action against the defendants as provided for in the settlement. Accordingly, each member of the class is hereby barred and permanently enjoined from prosecuting the claims, including unknown claims, being released by the settlement agreement.

8. Further, pursuant to the settlement agreement, the counterclaims asserted by defendants against the named plaintiffs are dismissed with prejudice. The parties shall bear their own costs relating to the counterclaims except as provided by the settlement agreement.

9. The fact that the parties have reached a settlement and that they have participated in proceedings related to the settlement are not and should not be (i) offered or received as evidence of a presumption, concession, or an admission by any party, or (ii) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing, or other dereliction of duty; provided, however, that reference may be made to the settlement agreement as may be necessary to effectuate or enforce its provisions.

## **CLASS COUNSEL'S APPLICATION FOR FEES AND EXPENSES**

10. The Court hereby grants to class counsel an award of fees in the amount of $4.5 million as provided in the settlement agreement, which the Court finds to be fully supported by the facts and applicable law. This amount shall be paid by AT&T to class counsel by wire transfer within 10 days of the Effective Date as that term is defined in the settlement agreement.

11. The Court finds that the parties' agreement with regard to the payment of fees and expenses was not negotiated while they were negotiating the other terms of the settlement agreement and that the agreement was not the product of collusion or fraud. In fact, the amount of attorneys' fees to be paid by AT&T was not negotiated by the parties, but rather proposed by the mediator as part of a comprehensive settlement proposal after an impasse had been reached. As a result, the parties' agreement is entitled to substantial weight. *See, e.g., Strube v. Am. Equity Inv. Life Ins. Co.,* 2006 WL 1232816 at *2 (M.D. Fla. May 5, 2006); *Elkins v. Equitable Life Ins. Co.,* 1998 WL 133741 at *34 (M.D. Fla. Jan. 27, 1998).

12. The requested fee of $4.5 million is justified under the percentage of the benefit approach adopted by the Eleventh Circuit in *Camden I Condominium Ass'n, Inc. v. Dunkle,* 946 F.2d 768 (11th Cir. 1991). This fee represents less than 12 percent of the total benefit to the class, and thus is well below the benchmark of 25 percent approved by the Eleventh Circuit in *Camden I.* In approving the requested fee, the Court has considered the other factors listed in *Camden I,* including the time and labor involved; the questions and difficulty of the questions involved; the skill needed to

perform the services properly; the preclusion of other employment; the customary fee; the fact that the fee was entirely contingent on a successful outcome; the time limitations imposed by the circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the nature and length of the relationship between class counsel and the named representative; awards in similar cases; and the economics of class counsel.  In addition, no member of the class has objected to the award.  All of these factors support the fee requested here by class counsel.

13.    The requested fee is also supported by a lodestar analysis.  Class counsel report that they have already recorded a combined total of more than 4,600 hours having a value in excess of $2.46 million based upon their customary hourly rates and that they will incur additional time before the case is finally concluded.  The reasonableness of this time and the hourly rates, furthermore, has been attested to by a prominent member of the Jacksonville bar after reviewing the relevant documents and work done.

14.    The settlement agreement also provides that AT&T is to reimburse class counsel their litigation expenses of up to $140,000.  Class counsel have provided declarations specifying the expenses that they have incurred in the prosecution of this litigation on behalf of the class, which total $116,090.91.  The Court finds the expenses were reasonably and necessarily incurred, and thus pursuant to the terms of the settlement, class counsel are entitled to reimbursement of $116,090.91.

Accordingly, AT&T is directed to pay the sum of $116,090.91 to class counsel in accordance with the terms of the settlement agreement.

## SERVICE AWARDS TO THE CLASS REPRESENTATIVES

15. The settlement agreement provides that AT&T, subject to the Court's approval, will pay $15,000 to James D. Hinson Electrical Contracting Company, Blythe Development, Inc., and Callaway Grading, Inc. for their service as class representatives. The Court finds that payment of service awards is appropriate in this case in light of their work on behalf of the class and that no class member has objected; accordingly, the Court hereby approves the awards. *See, e.g., In re Checking Account Overdraft Litigation,* 830 F. Supp. 2d 1330 (S.D. Fla. 2011); *Ingram v. Coca-Cola Co.,* 200 F.R.D. 685, 695-96 (N.D. Ga. 2001). AT&T is directed to pay to class counsel the sum of $45,000 for this purpose in accordance with the terms of the settlement agreement and, in turn, class counsel are directed to make the payments of $15,000 to each of the class representatives.

## FINAL JUDGMENT

16. By reason of the settlement and the Court's disposal of the pending motions, and there being no just reason for delay, the Court hereby enters final judgment in this matter. Without affecting the finality of this judgment, the Court shall retain jurisdiction over the parties and the Settlement Class for the administration, consummation, and enforcement of the settlement. Specifically, the Court shall retain jurisdiction for (i) effectuation of the settlement; (ii) disposition of the proceeds of the settlement; (iii) enforcement and administration of the settlement

agreement, including any releases executed in connection therewith, and the provisions of this Final Order and Judgment; and (iv) other matters related or ancillary to the foregoing.

17.   The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 16th day of December, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

9